**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3368
_____

UNITED STATES OF AMERICA

v.

SOULEYMANE FADIGA,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-21-cr-00061-001)
U.S. District Judge:  Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2024
_____

Before:  SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>.

(Filed: July 9, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Souleymane Fadiga appeals his sentence for unlawful possession of a firearm by a convicted felon. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). We agree and will grant the motion and affirm.

I

In May 2021, a police officer saw Fadiga's Instagram page, which include a photo of Fadiga with a rifle and a video of him at a shooting range. At the time, Fadiga was on probation for second-degree robbery and possession of a firearm by a prohibited person under Delaware law. The police arrested Fadiga, searched his home, and found a gun box matching the firearm Fadiga used at the shooting range, along with ammunition and firearm grips. Police later found the gun at Fadiga's friend's home. Fadiga subsequently pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The District Court imposed a thirty-six-month sentence, which was below the applicable Guidelines range of forty-six to fifty-seven months, which range resulted from a total offense level of seventeen and criminal history category of V. Fadiga's Delaware second-degree robbery conviction triggered a base offense level of twenty under U.S.S.G. § 2K2.1 because the Court concluded that such an offense is a "crime of violence" under the U.S.S.G. § 4B1.2. <u>See</u> U.S.S.G. § 2K2.1(a)(4)(A). The base offense level was reduced by three under U.S.S.G. § 3E1.1 for acceptance of responsibility.

2

Fadiga's counsel filed a notice of appeal, and we stayed the appeal pending the resolution of United States v. Stanford, 75 F.4th 309, 311 (3d Cir. 2023), in which we eventually held that Delaware second-degree robbery qualified as a "crime of violence." After we decided Stanford, we lifted the stay, and Fadiga's counsel moved to withdraw under Anders.[1]

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying Anders brief when counsel reviews the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wisc., Dist. 1, 486 U.S.

---

[1] Fadiga did not file his own pro se brief despite having the option to do so.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues for appeal, Simon v. Gov't of the V.I., 679 F.3d 109, 114 (3d Cir. 2012) (citing Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988)), but once the issues are identified, we apply the standard of review applicable to the particular issue before us, see United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002) (applying, in an Anders case, different standards to different possible claims).

429, 438 n.10 (1988).

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal. First, the brief thoroughly examines the record and identifies three issues that relate to the procedural and substantive reasonableness of Fadiga's sentence: (1) the District Court's determination that Fadiga's Delaware second-degree robbery conviction is a "crime of violence"; (2) the Court's calculation of Fadiga's criminal history category; and (3) the reasonableness of Fadiga's sentence.[3] Second, the brief explains why any arguments concerning these issues would

---

[3] Because Fadiga pleaded guilty, his appellate issues were limited to the District Court's jurisdiction, the voluntariness of his plea, and the reasonableness of his sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Counsel appropriately did not raise arguments regarding the Court's jurisdiction or the voluntariness of Fadiga's plea because such arguments would be plainly frivolous. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Moreover, a review of the plea colloquy shows that Fadiga's guilty plea was voluntary, knowing, and complied with the Constitution and Federal Rule of Criminal Procedure 11.

4

be frivolous under governing law. Therefore, counsel's brief is sufficient, and there are no nonfrivolous issues warranting relief.

Fadiga's sentence is procedurally and substantively reasonable.[4] The District Court followed United States v. Gunter's three-step procedure, which requires that a district court (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully consider all relevant 18 U.S.C. § 3553(a) factors. 462 F.3d 237, 247 (3d Cir. 2006).

First, the District Court identified the applicable Guidelines provision and calculated the Guidelines range. Under Stanford, the Court correctly held that Fadiga's prior Delaware second-degree robbery offense was a crime of violence under the Guidelines' elements clause. Stanford, 75 F.4th at 319. The Court also correctly calculated Fadiga's criminal history.[5] Accordingly, there are no nonfrivolous arguments concerning the Court's Guidelines calculation.

Second, there were no departure motions.

Third, the Court addressed the § 3553(a) factors. It considered: (a) the seriousness of Fadiga's offense; (b) Fadiga's background, including his prior convictions and mitigating factors, such as traumatic events Fadiga endured and his attempts at securing

---

[4] We review the procedural and substantive reasonableness of a sentence for abuse of discretion. United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

[5] The criminal history category of V captured: (1) the three criminal history points Fadiga received for three separate Delaware and Maryland convictions, (2) the six criminal history category points for three separate Delaware convictions, and (3) the two criminal history category points for committing the instant offense while on probation. See U.S.S.G. § 4A1.1.

education and employment; and (c) the need for deterrence and punishment.[6] It thus gave "rational and meaningful consideration" to the § 3553(a) factors, United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)), complied with Gunter, and imposed a procedurally reasonable sentence.

Fadiga's sentence was also substantively reasonable. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. The District Court sentenced Fadiga to a below-Guidelines, thirty-six-month sentence. We cannot conclude that no judge would have imposed this sentence given Fadiga's offense, criminal history, commission of this offense while on probation, conduct after being charged, and employment. Thus, any challenge to the substantive reasonableness of Fadiga's sentence would lack merit.

C

Although we need only "confine our scrutiny to those portions of the record identified by an adequate Anders brief," Youla, 241 F.3d at 301, our independent review of the record revealed one issue not raised by defense counsel: whether § 922(g)(1), as applied to Fadiga, is consistent with the Second Amendment following New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and Range v. Attorney General United

---

[6] As to the need for deterrence and protecting the public, the District Court noted that Fadiga has already served prison terms, but those previous sentences did not "really seem to have brought home the message to [Fadiga] that [he] can't have anything to do with firearms." App. 119-20.

6

States, 69 F.4th 96 (3d Cir. 2023) (en banc), petition for cert. filed (Oct. 5, 2023). The

Supreme Court issued Bruen one month before Fadiga entered his guilty plea, and we

issued Range while this appeal was stayed.[7]

Neither Bruen nor Range show that the District Court plainly erred by failing to

sua sponte find § 922(g)(1) unconstitutional as applied to Fadiga. Neither decision called

into question § 922(g)(1)'s facial constitutionality or addressed the constitutionality of §

922(g)(1) in the criminal prosecution context. Moreover, Bruen did not "cast doubt on

longstanding prohibitions on the possession of firearms by felons." Bruen, 597 U.S. at 81

(Kavanaugh, J., concurring); see also id. at 72 (Alito, J., concurring) (similar). Finally,

Range and Fadiga are different. Range had (1) a single, decades-old welfare fraud

conviction; (2) received no prison time; and (3) showed that he wished to possess

firearms for self-defense and hunting, Range, 69 F.4th at 98-99, whereas Fadiga is a

criminal defendant who had (1) numerous criminal convictions, including for robbery,

theft, and firearms offenses within the five years preceding the instant offense; (2) served

several stints in prison and committed this offense while on probation; and (3) not sought

civil relief before illegally possessing firearms. Thus, the District Court did not commit

---

[7] Because Fadiga failed to raise this argument before the District Court, we review
it for plain error. See Greer v. United States, 593 U.S. 503, 507 (2021). In reviewing for
plain error, we must decide whether "(1) an error occurred, (2) the error is 'plain,' and (3)
it 'affect[s] substantial rights.'" United States v. Payano, 930 F.3d 186, 192 (3d Cir.
2019) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). "An error is 'plain'
where it is 'clear' or 'obvious.'" United States v. Scott, 14 F.4th 190, 198 (3d Cir. 2021)
(quoting Olano, 507 U.S. at 734). If a party can show plain error, we may exercise our
discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public
reputation of judicial proceedings." Olano, 507 U.S. at 736 (quoting United States v.
Atkinson, 297 U.S. 157, 160 (1936)).

any clear or obvious error under current Second Amendment law.  <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993).

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.